IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SANFORD,                                              No. Civ. S-04-1791 WBS CMK

        Plaintiff,

vs.                                                                          ORDER

RED ROBIN INTERNATIONAL, Inc.,

        Defendant.

_____/

        Previously pending on this court's law and motion calendar for June 22, 2005, was plaintiff's motion to compel further answers to interrogatories and production of documents from defendant Red Robin International, Inc. ("Red Robin"). Having reviewed the pleadings and heard oral argument, the court hereby issues the following order.

**I. BACKGROUND**

        Plaintiff filed this action against defendant Red Robin, alleging that Red Robin failed to remove architectural barriers when it was readily achievable to do so, and violating the Americans with Disabilities Act ("ADA"). Plaintiff seeks injunctive relief under state and federal disabled access laws, and damages under California Civil Code §§ 54.3(a) and 52(a). In reviewing the canned complaint and site inspection report, it appears that plaintiff's complaints are centered on issues involving exterior access, parking, signage, sales counter, and the restrooms. The court will now discuss the parties' discovery disagreements.

**II. DISCOVERY DISAGREEMENT**

        Generally, the scope of discovery under Fed. R.Civ.P. 26(b)(1) is broad. Rule 26(b)(1) permits discovery of any information "relevant to the subject matter of the action." This

1

phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. Rule 26(b)(1). The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive; or if the party who seeks discovery "has had ample opportunity by discovery ...to obtain the information sought"; or if the proposed discovery is overly burdensome. Fed. R.Civ.P. 26(b)(2)(i)(ii) and (iii).

In light of the broad construction given to discovery requests, the objecting party has a heavy burden to show why discovery should be denied, by clarifying and explaining its objections, and providing support therefore. Failure to meet this obligation may result in waiving the objections. See Harding v. Dana Transport, Inc., 914 F. Supp. 1084, 1102 (D.N.J. 1996); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) (objections should be plain and specific); 8 C. Wright & A. Miller, Federal Practice & Procedure:  Civil § 2173 (1994;  1999 Suppl.).

III.  INTERROGATORIES

Defendant contends that plaintiff's exceeded the number of interrogatories provided by Fed. R. Civ. P. 33(a). Rule 33(a) requires a party to obtain leave of court or a written stipulation between the parties before serving more than 25 interrogatories on any other party. Fed. R. Civ. P. 33(a). If a party submits more than 25 interrogatories without first obtaining leave of court or a stipulation, the court may order that party to resubmit a complying set of interrogatories, specify which of 25 should be answered, or grant the party leave to exceed 25. See 8 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2168.1 (1994;  1999 Suppl.). If the responding party fails to object to the excessive number of interrogatories and answers them, the objection will be deemed waived. Id.

Presently before the court is the question of how plaintiff's interrogatories should be counted. An interrogatory containing subparts which elicit details regarding a common theme should be considered a single question. Id. To determine whether subsequent questions are included within

a single interrogatory, the court must determine whether the subsequent question is independent of the first question. Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685 (D NV 1997). In other words, if the first question can be answered completely without answering the second question, then the second question is completely independent of the first. Id. at 686. As a result the second question is not factually subsumed within or related to the first question. Id.; see also Lawrence v. First Kansas Bank & Trust Co., 169 F.R.D. 657, 660-661 (D.Kansas 1996).

In the present case, many of plaintiff's interrogatories have subparts. In accordance with these rules, the court will identify each interrogatory and whether it should be counted as one or more than one interrogatory, for the purposes of Rule 33(a). The court will then consider any additional objections defendant has made.

Interrogatory No. 1 should be counted as five separate interrogatories.

Interrogatory No. 2 should be counted as one interrogatory.

Interrogatory No. 3 should be counted as one interrogatory.

Interrogatory No. 4 is not described by the parties' in their joint statement. The court will not rule on this interrogatory.

Interrogatory No. 5 should be counted as one interrogatory.

Interrogatory No. 6 should be counted as one interrogatory.

Interrogatory No. 7 should be counted as eight separate interrogatories.

Interrogatory No. 8 should be counted as one interrogatory.

Interrogatory No. 9 should be counted as three separate interrogatories.

Interrogatory No. 10 should be counted as two separate interrogatories.

Interrogatory No. 11 should be counted as two separate interrogatories.

Interrogatory No. 12 is not described by the parties' in their joint statement. Therefore, the court will not rule on this interrogatory.

Interrogatory No. 13 should be counted as four separate interrogatories.

Interrogatory No. 14 should be counted as twenty-nine separate interrogatories.

Thus, interrogatories No. 1 through 14 constitute 58 separate interrogatories. The court did not include interrogatories numbered 4 and 12 in this total. Defendant should have

answered or objected to each interrogatory up to and including Interrogatory No. 11. Plaintiff's motion to compel as to the remaining interrogatories, numbered 13 and 14, is denied pursuant to Rule 33(a). Any objections defendant could have made to Interrogatory No. 4 will be deemed waived.

The court will now consider defendant's answers to interrogatories numbered 1 through 11 and whether the court should compel further responses.

As to Interrogatory No. 1, defendant makes no additional objections. Therefore, plaintiff's motion to compel further response is granted.

As to Interrogatory No. 2, defendant objects that the question is vague and ambiguous as to the phrase "architectural barriers." Defendant can include any reasonable definition of this term in order to clarify its answer. Defendant has also adequately answered this interrogatory. Therefore, plaintiff's motion to compel defendants response to Interrogatory No. 2, is denied.

As to Interrogatory No. 3, defendant did not make any additional objections and has answered reasonably. Plaintiff's motion to compel defendant's further response as to Interrogatory No. 3, is denied.

As to Interrogatory No. 5, 6, 7, 8, 9, 10, and 11, defendant does not make any additional objections or answers. Plaintiff's motion to compel is granted as to each of these interrogatories.

In the parties' joint statement, plaintiff requests leave of the court to propound more than 25 interrogatories on the defendant. The court denies such request as it was made after plaintiff violated Rule 33(a).

IV. PRODUCTION REQUEST

Pursuant to Fed. R. Civ. P. 34(a), a party may request from a party production of documents which are in the possession, custody or control of the party served. "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l. Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989), citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir.1984). Although requests must be addressed to a party, they may seek documents possessed by a non-party if the party "controls" the non-party. The dispositive issue is the actual working relationship between the entities. The moving party has the burden to prove that the

opposing party has legal control over the documents. Id., citing Norman v. Young, 422 F.2d 470, 472-73 (10th Cir.1970).

As to Request No.11, defendant's objections are based on relevancy and privacy. Defendant explains that Request No. 11 is irrelevant because defendant is not alleging that defendant's financial condition prevents it from removing any architectural barriers. Plaintiff asserts that defendant has not admitted barrier removal is readily achievable, either. As a result, plaintiff still has the burden of demonstrating defendants are financial able to remove any architectural barriers. Moreover, defendant does not provide the court with any basis for its privacy objection. Therefore, plaintiff's motion to compel defendant's response to Request No. 11, is granted.

VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel discovery, filed May 10, 2005; is granted in part and denied in part, in accordance with the terms of this order.

IT IS FURTHER ORDERED that monetary sanctions or costs will not be imposed. Both parties are equally culpable in the inadequacies of their discovery processes.

Dated: August 10, 2005

/s/ Craig M. Kellison
Craig M. Kellison
United States Magistrate