UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES SANFORD,

        Plaintiff,

   v.

RED ROBIN INTERNATIONAL, INC., dba RED ROBIN #78; and DOES 1 through 10,

        Defendants.

CASE NO. CIV. S-04-1791 WBS CMK

MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT

----oo0oo----

        Plaintiff James Sanford alleges that defendant Red Robin International, Inc., dba Red Robin #78, violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12300, and various California statutes. He now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 based on the Declaration of plaintiff's experts, Joe Card and Harold Littlejohn.

        Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file,

1

1 together with the affidavits, if any, show that there is no
2 genuine issue as to any material fact and that the moving party
3 is entitled to judgment as a matter of law." Fed. R. Civ. P.
4 56(c). A material fact is one that could affect the outcome of
5 the suit, and a genuine issue is one that could permit a
6 reasonable jury to enter a verdict in the non-moving party's
7 favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
8 (1986).

9      Because the substantive law governing a case determines
10 the materiality of a fact, the relevant provisions of the ADA
11 also inform the legal standard in this case. T.W. Elec. Serv.,
12 Inc. v. P. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
13 1987). Title III of the ADA prohibits discrimination against
14 disabled individuals in places of public accommodation. 42
15 U.S.C. § 12182(a) ("No individual shall be discriminated against
16 on the basis of disability in the full and equal enjoyment of the
17 goods, services, facilities, privileges, advantages, or
18 accommodations of any place of public accommodation . . . ."). 
19 The law further charges the operators of public accommodations
20 with a duty to "remove architectural barriers . . . where such
21 removal is readily achievable." Id. § 12182(b)(2)(A)(iv). 
22 Discrimination under the ADA encompasses passive limitation on
23 access for people with disabilities who are wheelchair-bound. 
24 See Parr, 96 F. Supp. 2d at 1069 (citing Crowder v. Kitagawa, 81
25 F.3d 1480, 1483 (9th Cir. 1996)).

26      To succeed on a ADA claim based on architectural
27 barriers in an existing facility, plaintiff must prove that: "(1)
28 he has a disability; (2) [defendants' restaurant] is a place of

public accommodation; (3) he was denied full and equal treatment because of his disability; . . . [(4) defendants'] place of business presents an architectural barrier prohibited under the ADA, and [(5)] the removal of the barrier is readily achievable." Parr, 96 F. Supp. 2d at 1085.

It is uncontested that plaintiff has met the first two requirements for a successful ADA claim; he has a disability and defendants' restaurant is a place of public accommodation. (Pl.'s Mot. for Sum. Judg. 7 (citing 42 U.S.C. § 12181(7)(B)); cf. Def.'s Opp'n to Pl.'s Statement of Undisputed Facts.) To demonstrate the other three requirements, plaintiff has alleged many different barriers that he claims impeded his access related to parking spaces, paths of travel inside and outside the restaurant, improperly placed or nonexistent International Signs of Accessibility, the men's restroom, seating in the dining area, and the service counters. (Pl.'s Statement of Undisputed Facts 2-3.)  Defendants respond that many of these issues are moot because defendants has remedied the violations. (Def.'s Opp'n to Pl.'s Mot. Sum. Judg. 12.)

At oral argument, plaintiff's counsel argued that although some barriers may be moot, plaintiff has not seen the changes made and therefore cannot be certain that the alleged barriers have been removed in accordance with the ADA. However, as plaintiff's counsel went on to concede, even if defendants' recent changes are also not ADA compliant, the very fact that changes have been made leaves open questions of fact sufficient to defeat a motion for summary judgment.  Therefore, because disputed issues of material fact remain, plaintiff is not

1 | entitled to judgment as a matter of law.
2 |      Plaintiff's motion for summary judgment on his claims
3 | under the Unruh Civil Rights Act and Disabled Persons Act, which
4 | plaintiff argues "are <u>wholly</u> predicated upon a violation of the
5 | [ADA]," thus must also be denied.  (Pl.'s P. & A. in Supp. of
6 | Mot. for Summ. J. at 18.)
7 |      IT IS THEREFORE ORDERED that plaintiff's motion for
8 | summary judgment be, and the same hereby is, DENIED.
9 | DATED:  December 14, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE